### NEWBURYPORT WATER CO. v. CITY OF NEWBURYPORT.

(Circuit Court, D. Massachusetts. March 5, 1902.)

#### No. 924.

1. CONSTITUTIONAL LAW—OBLIGATION OF CONTRACTS.

St. Mass. 1893, c. 471, authorized a city to build its own waterworks, after submission to a vote of the people, notwithstanding the previous grant of a franchise to plaintiff. After a vote of the city to supply itself with water without buying the works of plaintiff, St. Mass. 1894, c. 471, was passed, obliging the city to purchase plaintiff's waterworks before proceeding to supply itself with water, if plaintiff within a certain time notified the mayor of the city of its desire to sell. *Held*, that such latter act is not a violation of Const. U. S. art. 1, § 10, prohibiting an act impairing the obligation of contracts, because of the contract for water existing between the plaintiff and the city, as it simply gave plaintiff the option of selling its property on the terms mentioned.

2. SAME.

Evidence that the commissioners, in valuing plaintiff's property under the act of 1894, did not in fact value the water contract which plaintiff had with defendant, could not affect the terms of the act, so as to render it unconstitutional.

In Equity. For former opinions, see 85 Fed. 723, and 103 Fed. 584.

Robert M. Morse and Lauriston L. Scaife, for complainant.

Albert E. Pillsbury and Horace I. Bartlett, for defendant.

Before COLT, Circuit Judge, and BROWN, District Judge.

PER CURIAM. It has been decided by this court, upon full and careful consideration, that there was no taking of the complainant's property under the acts of 1893 and 1894; that the deed of the complainant's property was voluntary, and not compulsory; and that consequently the complainant had not been deprived of its property without due process of law, in violation of the fourteenth amendment to the constitution of the United States. The complainant now maintains that the act of 1894 was in violation of section 10 of article 1 of the constitution, which provides that "no state shall pass any law impairing the obligation of contracts." The complainant raises this question by asking the court to admit the testimony of the commissioners appointed to value the complainant's property under the act of 1894, to the effect that they did not in fact value the water contract entered into between the complainant and defendant. The act of 1893 authorizes municipal competition, which the legislature had a legal right to authorize. The act of 1894 forbids municipal competition, provided the complainant chose to deed its property to the defendant on the terms specified. This act did not impair any contract which had been entered into between the complainant and defendant. It simply gave the complainant the option, if it chose, to sell

its property to the defendant on the terms mentioned. The complainant, if it so desired, could have retained its property and its contract with the defendant; but it did not do so, and voluntarily deeded its property to the defendant. If it lost any right to any contract by this action, it was because it deemed it wise to take advantage of the provisions of the act of 1894, which obliged the defendant to buy the waterworks, if the complainant so desired, before it should undertake to build waterworks of its own. Assuming that this testimony could properly be offered at this stage of the case (a question which we do not find it necessary to pass upon), and that the complainant could show that the commissioners did not in fact value the water contract in estimating the value of the complainant's property, we are of the opinion that this testimony would not be material, and that it would be entirely ineffectual. It does not tend to prove that the act of 1894 was in violation of the contract clause of the constitution, because what was done or omitted by commissioners appointed under the act could not affect the terms of the legislative act itself, or make the act unconstitutional. Furthermore, after a full hearing upon the question of duress, this court has already decided that all the proceedings which took place under the act of 1894 were entered into voluntarily by the complainant in order to avoid great disaster arising from municipal competition.

Our conclusion upon this point is conclusive against the admission of the testimony, offered by the plaintiff, that the commissioners did not value the water contract. The motion to enter the final decree dismissing the bill is granted.